UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>SECRET HARBOR,<br><br>                Defendant. | CASE NO. C23-0158-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Secret Harbor's motion to dismiss for failure to join an indispensable party. Dkt. No. 20. The Court has reviewed the parties' briefing[1] and the balance of the record, and considered the oral argument of counsel. For the following reasons, the Court denies Secret Harbor's motion.

I.   BACKGROUND

Secret Harbor is a non-profit corporation and provider of therapeutic treatment for youth in crisis in the Skagit Valley region. Dkt. No. 21 ¶ 2. Secret Harbor operated a residential and educational school on Cypress Island until 2008. Dkt. No. 1 ¶ 9. Secret Harbor contracted with

---

[1] This Order refers to the parties' briefing using the CM/ECF page numbers.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

Washington state ("the State") to place wards of the State at the Cypress Island school, often as an alternative to incarceration. *Id*. ¶ 10.

Secret Harbor purchased a series of one-year commercial general liability and umbrella liability policies ("the policies") from Plaintiff Markel Insurance Company ("Markel"), which provided coverage from June 30, 2010, through June 30, 2019. Dkt. No. 1 ¶ 22. Since 2018, more than two dozen individuals have sued or brought claims against Secret Harbor (and, in all but one lawsuit, the State as well) related to alleged physical or sexual abuse at the Cypress Island school prior to its closing in 2008 ("underlying lawsuits"). Dkt. No. 1 ¶ 14; Dkt. No. 21 ¶¶ 6–9. The State has asserted that it is an additional insured on the policies due to its contracts with Secret Harbor, and has demanded that Secret Harbor defend and indemnify it. *See* Dkt. No. 21-1. Markel is defending both Secret Harbor and the State in the underlying lawsuits, subject to a reservation of rights. Dkt. No. 21-2.

Markel filed suit against Secret Harbor in this Court in February 2023, seeking declaratory relief as to the coverage available under the policies with respect to the claims made in the underlying lawsuits. Dkt. No. 1. Markel alleges that plaintiffs in the underlying suits do not allege wrongdoing during the time period or at the premises covered by any of the policies, given that the earliest policy period begins in the years after the Cypress Island school closed and the school is not listed as a covered premises in the policies. *Id*. ¶¶ 23–27. Accordingly, Markel's complaint alleges that it has no duty to defend or indemnify Secret Harbor with respect to the underlying lawsuits. *Id*.

Markel's complaint alleges that the Court has jurisdiction based on the diversity of citizenship of Secret Harbor (a Washington entity) and Markel (an Illinois entity). Dkt. No. 1 ¶¶ 1–2, 4. Secret Harbor filed a motion to dismiss for failure to add the State as a defendant, arguing

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 2

that the State is an indispensable party that cannot be joined without destroying this Court's diversity jurisdiction. Dkt. No. 20. Secret Harbor's motion is now ripe for resolution.

## II.    LEGAL ANALYSIS

Federal Rule of Civil Procedure 19 defines the circumstances when an absent person must be joined as a party to a lawsuit, or when a lawsuit should not proceed without that person. Rule 19(a) defines required parties that are "to be joined if feasible," and Rule 19(b) applies where joinder of a required party is not feasible. The parties agree that it is not feasible to join the State. Dkt. No. 20 at 14, Dkt. No. 24 at 10. The Court must therefore first analyze whether the State is a required party under Rule 19(a). If the answer is yes, the Court then proceeds to Rule 19(b), under which the Court considers whether this action should be dismissed for failure to join the State.

A person is a required party under Rule 19(a) if: (1) "the court cannot grant complete relief among the existing parties" without the presence of the absent person; or (2) the absent person has an interest related to the lawsuit such that disposing of the suit without their participation would impair or impede their ability to protect their interest, or would leave the existing parties subject to a substantial risk of incurring inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(B).

To determine whether an absent person should be joined to an action, a court may consider evidence outside the pleadings. *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

**A.    The Court Can Grant Complete Relief Among the Existing Parties Without the State's Presence.**

Secret Harbor contends that the State is a required party under Rule 19(a)(1) because "a favorable ruling for Secret Harbor would necessarily be incomplete, because such a ruling would create a limited fund with two potential claimants: Secret Harbor and the State. Yet the Court

would lack jurisdiction to address the priority of their respective rights to this fund." Dkt. No. 20 at 13. This argument is not persuasive for at least two reasons.

First, the complaint in this action does not request that the Court allocate funds between Secret Harbor and the State. *See* Dkt. No. 1 ¶¶ 43–85. Furthermore, as emphasized by Markel's counsel at oral argument, the State has not demanded any indemnity funds from Markel to date. *See* Dkt. No. 33 at 16. Thus, at the time this action was filed, and at this point in the proceedings, the only ripe dispute is between Markel and Secret Harbor as to the coverage provided under the policies. The Court can grant complete relief upon the adjudication of that issue in this action.

Second, Secret Harbor owes an indemnification obligation to the State. *See* Dkt. No. 33 at 6; Dkt. No. 21-1 at 2 (stating that "Secret Harbor was obligated to indemnify, defend, and hold harmless the State from all claims, loss, liability, damages, or fines arising out of or related to its performance or failure to perform under its contracts with the State"). Thus, whatever insurance is provided under the policies will be made available to Secret Harbor to cover the liabilities of both Secret Harbor and the State. *See* Dkt. No. 33 at 20. Put another way, the State's only path to insurance coverage under the policies is through Secret Harbor. Because the Court's determination of the questions presented in this lawsuit — *i.e.*, the insurance available to Secret Harbor — would apply equally to the State as an additional insured, the relief sought *in this action* would be complete as to both Secret Harbor and the State even if the State is not joined as a party.

**B.     The State's Interests in this Action are Identical to Secret Harbor's and Secret Harbor Has Not Identified a Risk of Inconsistent Rulings.**

The Court now turns to consider whether the State has an interest in this action such that its ability to protect that interest would be impaired or impeded if it was not a party to this action, or if Secret Harbor or Markel would be subject to a substantial risk of incurring inconsistent obligations because of the State's interest.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 4

Secret Harbor contends that because the State has an interest in the existence or scope of insurance available under the Markel policies as an additional insured, and resolving the coverage issue here "requires duplicative state court litigation that raises the prospect of inconsistent judgments" (Dkt. No. 29 at 5), the Court should find that the State is a required party under the second part of Rule 19(a).

Markel disagrees, contending that because the State's interest in coverage is derivative of Secret Harbor's interest, they are identically situated and seek identical relief, and therefore the State's interest is not impaired if absent from this action. Dkt. No. 24 at 9. Markel also emphasizes that if the State believed its interests diverged from Secret Harbor, it could seek to intervene in this case, and has not done so to date. *Id*. at 13.

The Court agrees with Markel, finding no factual or legal support for Secret Harbor's argument that it and the State have different interests with respect to the issues presented in this coverage action. Because the State is an additional insured on the policies issued to Secret Harbor by virtue of its contractual relationship with Secret Harbor, the positions of the State and Secret Harbor are entirely aligned as to the interpretation of the policies, which is the only relief sought by Markel in this action. Counsel for Secret Harbor speculated at oral argument that its interests could diverge from the State's with respect to issues presented in the underlying lawsuits (Dkt. No. 33 at 10–14), but identified no point of divergence relevant to the coverage questions presented in this declaratory judgment action.

It is the indemnification agreement between Secret Harbor and the State that distinguishes this case from cases cited by Secret Harbor[2] for the proposition that an absent party is a required

---

[2] Dkt. No. 20 at 11 (citing *Nat'l Licorice Co. v. N.L.R.B.*, 309 U.S. 350, 363 (1940); *Dawavendewa v. Salt R. Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975); *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999)).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 5

party in an action arising upon a contract, because that agreement indicates that the State's interest under the policies is derivative of Secret Harbor's interest. Because of this alignment of interests, the Court finds that Secret Harbor adequately represents the State's interests in this action and the State's interests are not impaired. *See, e.g.*, *Brimberry v. Northwestern Mut. Life Ins. Co.*, No. CV 13-00127 RSWL (AJWx), 2014 WL 689911, at *3 (C.D. Cal. Feb. 20, 2014) (finding that because two absent parties had asserted a joint claim with a party to insurance proceeds, and there is no evidence that the interests of the absent parties compete with or are adverse to the party, the existing party adequately represents the absent parties).

The Court also notes that Secret Harbor's counsel stated at oral argument that there was no reason to delay ruling on Markel's partial summary judgment motion (Dkt. No. 17), because the questions presented there could be determined as a matter of law and are unrelated to the underlying lawsuits. *See* Dkt. No. 33 at 10–11. This statement appears to apply more broadly to all of the questions presented in this action: Markel's complaint asks the Court to provide declaratory relief in the form of a statement as to the meaning of the policies, without placing before the Court the complaints in the underlying lawsuits. *See* Dkt. No. 1 ¶¶ 43–85. Secret Harbor attached to its motion to dismiss some of the documents related to the underlying lawsuits (Dkt. No. 21-1 at 5–46), but does not cite them for any proposition in the analysis section of that motion. *See* Dkt. No. 20 at 8–17. For these reasons, although Secret Harbor invites the Court to consider potential conflicts of interest between it and the State in the underlying lawsuits as relevant to determining their relative interests in this declaratory judgment action, the Court finds that Secret Harbor's failure to identify a conflict of interest as to *this action* undermines its argument that the State is a required party here.

Because Secret Harbor has failed to show that the State's interest in coverage is anything other than wholly derivative of its own interest in coverage, it has failed to meet its burden to

demonstrate that the State's ability to protect its interests would be impaired or impeded, or that a substantial risk of inconsistent obligations would occur if the State were not joined as a party here. Under these circumstances, the Court finds that the State is not a required party under Rule 19(a), and the Court need not go on to consider whether the State is indispensable to this action and whether the action should proceed without joining it. *See Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) ("Only if we determine that [the absent party] is a required party do we proceed to the second Rule 19 inquiry: whether joinder is feasible, or is barred by sovereign immunity. Finally, only if joinder is impossible must we determine whether … the suit should be dismissed [under Rule 19(b)].").

### III.   CONCLUSION

For these reasons, the Court DENIES Defendant's motion to dismiss. Dkt. No. 20.

Dated this 5th day of January, 2024.

Kymberly K. Evanson
United States District Judge