UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br> v.<br><br>SECRET HARBOR,<br><br>    Defendant. | CASE NO. C23-0158-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Markel Insurance Company's motion for partial summary judgment. Dkt. No. 17. The Court has reviewed the parties' briefing[1] and the balance of the record, and considered the oral argument of counsel. For the following reasons, the Court grants in part and denies in part Plaintiff's motion.

      **I.**  **BACKGROUND**

Defendant Secret Harbor is a non-profit corporation and provider of therapeutic treatment for youth in crisis in the Skagit Valley region. Dkt. No. 21 ¶ 2. Until it closed in 2008, Secret Harbor operated a residential and educational school on Cypress Island. *Id*. ¶ 4. Secret Harbor contracted with Washington state ("the State") to place wards of the State at the school. *Id*. ¶ 5.

---

[1] This Order refers to the parties' briefing using CM/ECF page numbers.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION - 1

Since 2018, more than two dozen individuals have sued or brought claims against Secret Harbor related to alleged physical or sexual abuse at the school ("underlying lawsuits"), and the underlying lawsuits are all still pending. *See* Dkt. No. 21 ¶¶ 6–8.

Secret Harbor purchased a series of one-year commercial general liability and umbrella liability policies from Plaintiff Markel Insurance Company ("Markel") that provided coverage from June 30, 2010, through June 30, 2019.[2] *See* Dkt. Nos. 18-2, 18-3, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9, 18-10, 18-11, 18-12, 18-13, 18-14, 18-15, 18-16, 18-17, 18-18. Markel is defending Secret Harbor in the underlying lawsuits, subject to a reservation of rights. *See* Dkt. No. 21-2 at 13.

Each commercial general liability policy contains an endorsement that provides "abuse or molestation and employee defense coverage," and each umbrella policy incorporates that same coverage as well. Dkt. No. 18-2 at 153–54, Dkt. No. 18-4 at 165–66, Dkt. No. 18-6 at 166–67, Dkt. No. 18-8 at 152–53, Dkt. No. 18-10 at 155–56, Dkt. No. 18-12 at 181–83, Dkt. No. 18-14 at 154–56, Dkt. No. 18-16 at 198–200, Dkt. No. 18-17 at 189–91, Dkt. No. 18-18 at 20–22. Many provisions of the policies are the same for each policy year, but there are two differences material to the arguments raised in Markel's motion.

First, the 2010–2012 policies include a Designated Premises Endorsement that limits coverage to *inter alia* bodily injury arising out of the ownership, maintenance, or use of only the specific premises listed in the endorsement and the "operations necessary or incidental to those premises[.]" Dkt. No. 18-2 at 104–12, Dkt. No. 18-4 at 119–27, Dkt. No. 18-6 at 120–28. The Cypress Island school, which closed in 2008, is not listed as a designated premises in the schedule associated with the Designated Premises Endorsements. *See id*.

---

[2] Each policy year starts on June 30. *See, e.g.*, Dkt. No. 17 at 7–8. This Order refers to each policy by the year when it first takes effect.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION - 2

Second, although all of the policies cover damages due to "bodily injury" caused by an "occurrence," the 2010–2014 policies do not include a temporal limitation on bodily injuries resulting from abuse, molestation, or exploitation. Specifically, the 2010–2014 policies indicate that the insurance covers "bodily injury" if it is caused by an "occurrence" that occurs during the policy period. *See, e.g.*, Dkt. No. 18-8 at 90. Bodily injury is defined to mean, in relevant part, "[b]odily injury, sickness or disease sustained by a person, and also includes mental anguish or emotional distress provided such mental anguish or emotional distress results from any of these[.]" *See, e.g.*, Dkt. No. 18-8 at 141. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 102. The 2010–2014 policies explicitly cover bodily injury "or any other injury because of abuse, molestation or exploitation[.]" *See, e.g.*, Dkt. No. 18-10 at 155. The 2015–2018 policies, however, indicate that the insurance covers only "bodily injury" arising out of abuse, molestation or exploitation if the abuse, molestation or exploitation "<u>first</u> occurs during the policy period." *See, e.g.*, Dkt. No. 18-12 at 181 (emphasis added).

Markel filed suit against Secret Harbor in this Court in February 2023, seeking declaratory relief regarding its obligations with respect to the underlying lawsuits, and has moved for summary judgment with respect to its duty to indemnify.³ *See* Dkt. Nos. 1, 17. Specifically, citing the provisions detailed above, Markel asks the Court to rule it has no duty to indemnify Secret Harbor under the policies for any liability arising out of the underlying lawsuits.

//

//

//

---

³ Markel has not challenged its duty to defend.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION - 3

## II. LEGAL ANALYSIS

**A.      Summary Judgment Standards.**

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not make credibility determinations or weigh the evidence at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

In Washington, insurance policies are "construed as contracts, and interpretation is a matter of law." *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1142 (Wash. 1984). "An insurer's duty to defend its insured arises where any allegation in the complaint, if proved true, would render the insurer liable under the policy." *Safeco Ins. Co. of Am. v. McGrath*, 708 P.2d 657, 659 (Wash. App. 1985) (citing *Emerson*, 687 P.2d at 1145). This duty is broader than an insurer's duty to indemnify its insured, which "arises only where the injured party ultimately prevails on facts which fall within the policy coverage." *Id*.

**B.      Summary Judgment as to Markel's Duty to Indemnify Under the 2010–2014 Policies is Premature Until Secret Harbor's Liability Has Been Established.**

Markel requests a declaratory judgment that it has no duty to indemnify Secret Harbor in the underlying lawsuits because it is undisputed that the sexual abuse alleged in those suits occurred before any of the time periods covered by the Markel policies, and because the sexual abuse occurred at the Cypress Island school, which was not listed as a covered premises for purposes of the 2010–2012 policies. Dkt. No. 17 at 12–13. Markel urges the Court to find that the bodily injury covered by the policies is the actual acts of abuse and molestation, separate from any lasting emotional distress experienced by the victims in the years afterward. *See id.* at 15–16.

Because the acts of abuse and molestation occurred outside the time periods covered by any Markel policy, and at premises not covered by the 2010–2012 policies, Markel contends that its duty to indemnify Secret Harbor in the underlying lawsuits has not been triggered. *Id*. at 16–28, 30–31.

Secret Harbor opposes the motion without disputing the timing or location of the alleged sexual abuse, but contends that because the 2010–2014 policies cover the emotional distress that the victims experienced during those policy periods, the timing and location of the alleged acts of abuse are not dispositive to the question of insurance coverage. Dkt. No. 25 at 19–34. Specifically, Secret Harbor argues that the language in the 2010–2014 policies provides that "coverage is triggered not by *abuse* during the policy period, but by 'bodily injury', including 'mental anguish or emotional distress' as well as 'any other injury.'" *Id.* at 19. Secret Harbor further argues that whether injury has occurred during a policy period is a question of fact. *Id.* at 29.

At oral argument, Markel's counsel argued that resolution of the indemnification question is crucial for purposes of settlement of the underlying cases. Dkt. No. 33 at 24–25. Though Secret Harbor argued in its brief that the Court should stay Markel's motion (Dkt. No. 25 at 35), at the hearing, Secret Harbor's counsel likewise contended that a ruling on Markel's motion for partial summary judgment need not be postponed based on the underlying litigation. Dkt. No. 33 at 10–11. While the Court appreciates the potential impact of a coverage determination on settlement, the Court nonetheless finds that any request to rule on Markel's duty to indemnify under the policies is premature at this time. Under Washington law, an insurer's "duty to indemnify 'hinges on the insured's *actual liability* to the claimant and *actual coverage* under the policy.'" *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007) (emphasis in original) (quoting *Hayden v. Mut. of Enumclaw Ins. Co.*, 1 P.3d 1167, 1171 (Wash. 2000)). But here, at least so far as the Court is aware, Secret Harbor's liability has not yet been determined in any of the underlying

lawsuits. On this record, the Court will not determine whether Markel must indemnify Secret Harbor for certain liabilities before the existence of those liabilities has been established.

Moreover, the complaints in the underlying litigation are not part of the record on Markel's motion. As such, the Court cannot fully evaluate the allegations in the underlying lawsuits, let alone opine on what may or may not be determined at trial. At the very least, there are material facts in dispute regarding the nature and timing of the injuries alleged and whether such injuries occurred during a policy period. Markel has not met its burden to show that it is entitled to a ruling that, as a matter of law, none of the claims in the underlying lawsuits are covered.

So long as a determination of Secret Harbor's liability in the underlying lawsuits is outstanding, the Court "declines to issue advisory opinions on the duty to indemnify." *State Farm Fire & Cas. Co. v. Doucette*, No. C16-5169BHS, 2016 WL 4793294, at *4 (W.D. Wash. Sep. 14, 2016); *see also Indian Harbor Ins. Co. v. City of Tacoma*, 354 F. Supp. 3d 1204, 1215 (W.D. Wash. 2018) ("At this stage in the litigation, it is premature to determine whether U.S. Oil will prevail on damages covered under the policy. This determination will likely not be made until the underlying lawsuit is concluded."). This result is also consistent with the posture of two cases from this district addressing questions of insurance coverage for emotional distress resulting from abuse that occurred before the policy period. *See Liberty Mut. Ins. Co. v. Lange*, No. C20-0309JLR, 2023 WL 4704712, at *12 (W.D. Wash. Jul. 24, 2023) (explaining that the court "cannot assess the extent or existence of Liberty Mutual's duty to indemnify [the insureds] until their actual liability is determined in the Underlying Dispute"); *St. Paul Fire & Marine Ins. Co. v. Highline Sch. Dist.*, No. C17-1917 TSZ, 2018 WL 4205019, at *3 (W.D. Wash. Sep. 4, 2018) (deferring ruling on the insurer's duty to indemnify "pending resolution of the underlying lawsuit").

//

**C.      Secret Harbor Concedes That No Coverage is Available Under the 2015–2018 Policies.**

At oral argument, Secret Harbor's counsel conceded that no coverage is available under the 2015–2018 policies because those policies limit coverage to injuries arising out of abuse that first occurs during the policy period. *See* Dkt. No. 33 at 11–12, 27–28. Secret Harbor had tacitly admitted the same in its opposition. *See* Dkt. No. 25 at 22–23. Because the parties agree that the claims made in the underlying litigation are not covered by the 2015–2018 policies, the Court grants Markel's motion for partial summary judgment as to these policy years.

### III.      CONCLUSION

For these reasons, the Court GRANTS IN PART Markel's motion (Dkt. No. 17) as unopposed and finds that there is no coverage under the 2015–2018 policies. The Court DENIES IN PART Markel's motion (*id.*) as to the 2010–2014 policies without prejudice, subject to re-filing a renewed motion if Secret Harbor is found liable in any of the underlying lawsuits.

The Court VACATES the case schedule (Dkt. No. 36) and directs the parties to submit a joint status report as to the status of the underlying lawsuits no later than July 31, 2024, or within 14 days of a determination of Secret Harbor's liability as to any of the underlying lawsuits, whichever is sooner. Upon notification from the parties that Secret Harbor's liability has been determined in any of the underlying lawsuits, the Court will order the parties to file a joint statement on case scheduling deadlines.

Dated this 1st day of February, 2024.

Kymberly K. Evanson
United States District Judge