1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL INSURANCE COMPANY, | CASE NO. C23-0158-KKE |
| Plaintiff(s), | STIPULATED PROTECTIVE ORDER |
| v. | |
| SECRET HARBOR, | |
| Defendant(s). | |

## STIPULATION

1. **Purposes and Limitations**

Discovery in this action is likely to involve production of confidential or private information about minors for which special protection may be warranted. Most of the information that the parties will produce in this action has or will be first exchanged in lawsuits brought against Secret Harbor by certain former residents ("Underlying Lawsuits"), for which Secret Harbor has requested defense and indemnity from its insurer, Markel Insurance Company ("MIC"), the plaintiff in the above captioned action. The parties to the Underlying Lawsuits, including Secret Harbor, are bound by certain protective orders that govern the protection of confidential information about minors ("Underlying Protective Orders").

Secret Harbor and MIC intend to treat confidential information produced in this action in accordance with the terms imposed by the Underlying Protective Orders, which are attached as

STIPULATED PROTECTIVE ORDER - 1

Exhibit A.[1] In the event that the terms of any Underlying Protective Order conflict with the terms of this Stipulated Protective Order, the parties will apply the term that affords the greatest amount of protection to the confidential information at issue.

Accordingly, Secret Harbor and MIC hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

## 2. "Confidential" Material

"Confidential" material shall include personally identifying information regarding plaintiffs in the Underlying Lawsuits and residents of Secret Harbor's facility. Regarding documents produced in the Underlying Lawsuits, confidential material shall include only that information that was marked or should have been marked as confidential in the Underlying Lawsuits.

Both parties retain their rights to challenge the designation of any material as "confidential" at any time. The parties reserve their rights to move for leave to amend this Stipulated Protective Order to identify other categories of confidential material.

## 3. Scope

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

---

[1] The following Underlying Lawsuits do not yet have protective orders entered: *R.W. et al. vs. Secret Harbor et al.*, *C.P. vs. Secret Harbor et al.*, and *A.A et al. vs. Secret Harbor et al*. Secret Harbor expects that the terms of forthcoming protective orders for these lawsuits will mirror the terms of the Underlying Protective Orders.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4. Access to and Use of Confidential Material**

      4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

      a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

      c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who execute the Acknowledgement and Agreement to be Bound (Exhibit B).

      d) the court, court personnel, and court reporters and their staff;

      e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who execute the Acknowledgement and Agreement to be Bound (Exhibit B), unless otherwise agreed by the designating party or ordered by the court; and

g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**5.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must: (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

6. **Unauthorized Disclosure**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the Acknowledgement and Agreement to be Bound (Exhibit B).

7. **Inadvertent Production of Privileged or Otherwise Protected Material**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

8. **Non-termination and Return of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.  The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Notwithstanding the foregoing, to the extent any party is required by law or regulation to retain rather than return or destroy information designated

as Confidential Material, that party shall be permitted to retain such Confidential Information

without the need for a Court order.  A parties' retention of such Confidential Information is subject

to the terms of this Stipulated Protective Order.

 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

_s/Carolyn Mount_
Tristan Swanson, WSBA 41934
Donald B. Scaramastra, WSBA No. 21416
Carolyn Mount, WSBA No. 55527
Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA  98104
Tel:  206.624.8300
Fax:  206.340.9599
Email: Tristan.swanson@millernash.com
don.scaramastra@millernash.com
carolyn.mount@millernash.com

***Counsel for Defendant Secret Harbor***

_s/Carl E. Forsberg, with permission_
Carl E. Forsberg, WSBA 17025
Rishabh R. Agny, WSBA No. 49721
Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA 98164
Tel: 206.689.8500
Email: cforsberg@foumlaw.com
ragny@foum.law

***Counsel for Plaintiff Markel Insurance Company***

_s/Douglas Whitaker, with permission_
Alexander E. Potente, WSBA 48858
Douglas Whitaker, WSBA No. 62030
Clyde & Co US LLP
600 Stewart Street, Suite 400, #6262
Seattle, WA 98101
Tel: 206.652.3271
Email: alex.potente@clydeco.us

***Counsel for Plaintiff Markel Insurance Company***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## **ORDER**

The parties' stipulated motion for a protective order (Dkt. No. 45) is GRANTED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work product protection, or other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party. This agreement does not preclude the receiving party from retaining archival copies of confidential information to meet its audit, legal or file retention policies so long as the confidentiality of the information is maintained pursuant to the terms hereof.

DATED this 6th day of September, 2024.

_____
Kymberly K. Evanson
United States District Judge