UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL INSURANCE COMPANY,<br><br>      Plaintiff(s),<br> v.<br><br>SECRET HARBOR,<br><br>      Defendant(s). | CASE NO. C23-0158-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW REPRESENTATION |

  The Court previously stayed this case consistent with the automatic stay arising from Defendant's receivership.  *See* Dkt. No. 91.  Defendant's general receiver does not intend to retain Defendant's counsel and has apparently arranged for different counsel to substitute in.  Dkt. No. 94 at 2.  Defendant's current counsel, therefore, moved to withdraw representation, and this motion is unopposed.  Dkt. No. 94.

  The local rules of this district set out the procedure by which attorneys may withdraw:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). … The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case, and at the discretion of the court in a criminal case.

Local Rules W.D. Wash. LCR 83.2(b)(1).  Whether to grant an attorney's motion to withdraw is committed to the trial court's discretion.  *See John v. Quality Loan Serv. Corp. of Wash.*, 857 F. App'x 943, 943 (9th Cir. Sep. 3, 2021).

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW REPRESENTATION - 1

In this case, Defendant's counsel has complied with the technical requirements of LCR 83.2(b), including the certification requirement applicable where (as here) a withdrawal will leave a business entity unrepresented by counsel. *See* LCR 83.2(b)(4). The Court exercises its discretion to GRANT Defendant's counsel's motion (Dkt. No. 94), finding that the general receiver's refusal to authorize counsel to speak on behalf of Defendant supports withdrawal.

The withdrawal is effective January 23, 2026. Defendant's outgoing counsel shall provide a copy of this order to Defendant and file a certificate of service on the docket. If replacement counsel for Defendant does not appear by January 23, 2026, the Court will issue an order to show cause why an order of default should not be entered.

Furthermore, no later than February 6, 2026, the parties are ORDERED to file a joint status report regarding the progress of the receivership proceeding and/or the settlement proceeding and any impact on this litigation.

Dated this 8th day of January, 2026.

Kymberly K. Evanson
United States District Judge