UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL INSURANCE COMPANY,<br><br>                    Plaintiff(s),<br>    v.<br><br>SECRET HARBOR,<br><br>                  Defendant(s). | CASE NO. C23-0158-KKE<br><br>ORDER TERMINATING MOTION TO INTERVENE |

The Court stayed this case in June 2025 consistent with the automatic stay arising from Defendant's receivership proceeding. *See* Dkt. No. 91. At the time that the Court stayed the case, there was a pending motion to intervene filed by two individuals, O.H. and C.D. Dkt. No. 87. The Court terminated the motion to intervene subject to reactivation if the stay is lifted. Dkt. No. 91. The stay has not been lifted, yet O.H. and C.D. nonetheless renewed their motion to intervene. Dkt. No. 104.

Plaintiff opposes O.H. and C.D.'s motion, arguing that as a threshold matter, the motion is procedurally improper because this case is still stayed. Dkt. No. 105. The Court agrees: the Court previously instructed that O.H. and C.D.'s motion to intervene could be reactivated "if the stay is lifted." Dkt. No. 91 at 1. The stay has *not* yet been lifted, and recent docket activity related to receivership status reports, the withdrawal of Defendant's counsel, and the intervention of the receiver is not inconsistent with a continuing stay of litigation. *See* Dkt. Nos. 92–103. In the

ORDER TERMINATING MOTION TO INTERVENE - 1

parties' December 2025 joint status report on whether the stay should remain in place, no party requested that the stay be lifted and instead the parties represented that Skagit County Superior Court would be addressing whether the stay should continue at a future hearing.  *See* Dkt. No. 95. The parties' February 2026 joint status report again did not request that the stay be lifted, noting that Skagit County Superior Court extended the stay in the receivership proceeding until a hearing set for February 27, 2026.  Dkt. No. 108.

Although the motion to intervene argues that intervention is warranted because O.H. and C.D. have "a significant interest" in the Court's ruling on Plaintiff's motion for partial summary judgment, the motion overlooks that Plaintiff's motion was terminated in June 2025 when the case was stayed.  *See* Dkt. Nos. 83, 91.  Because Plaintiff's motion has not been reactivated and will not be considered by the Court until it is, the Court finds that the motion to intervene is procedurally improper and will not be resolved at this time.  *See* Dkt. No. 110 at 4 (O.H. and C.D.'s reply brief, requesting that if the Court determines that their motion to intervene cannot be ruled upon until the stay is lifted, "the Court should reserve ruling on the motions until the stay is lifted, not just deny the motions"); *see also* Dkt. No. 102 at 6 (the receiver's motion to intervene, expressing support for intervention by O.H. and C.D. "at the appropriate time").

Accordingly, the Court again TERMINATES O.H. and C.D.'s motion to intervene (Dkt. No. 104), subject to reactivation when the stay is lifted.

Dated this 6th day of March, 2026.

Kymberly K. Evanson
United States District Judge