UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL INSURANCE COMPANY,<br><br>Plaintiff(s),<br>v.<br><br>SECRET HARBOR,<br><br>Defendant(s). | CASE NO. C23-0158-KKE<br><br>ORDER DENYING MOTION TO INTERVENE |

Defendant Secret Harbor previously provided foster care programs for children, some of whom have sued Secret Harbor for abuse that occurred during their time in foster care. Dkt. No. 1 ¶¶ 9, 19. Plaintiff Markel Insurance Company, which issued several insurance policies to Secret Harbor in the years after the alleged abuse took place, filed this action seeking declaratory relief regarding its obligations to indemnify and defend Secret Harbor in the underlying state lawsuits. *Id*. ¶¶ 43–85. Secret Harbor notified the Court in June 2025 that it was in a receivership in Skagit County Superior Court, and that Elliott Bay Asset Solutions LLC ("the Receiver") had been appointed general receiver. Dkt. No. 89. After the receivership proceeding concluded in June 2026, the State of Washington—which is an additional insured on some of the Markel policies and Secret Harbor's indemnitee on all of the policies—intervened as a Defendant in this matter. Dkt. No. 118 at 5, Dkt. No. 129.[1]

[1] This order refers to the parties' briefing by CM/ECF page number.

Two of the individuals who have sued Secret Harbor for alleged abuse, O.H. and C.D. (hereinafter "Claimants"), now seek to intervene in this action to oppose the declaratory relief sought by Markel. Dkt. No. 134. It is Claimants' position that Markel's interpretation of its policies is incorrect and that, because the assets of Secret Harbor's receivership are extremely limited, they "must now step in to oppose Markel's requested relief to protect their interest in the assets." *Id*. at 2–3. The Receiver supports Claimants' motion for financial reasons (Dkt. No. 102 at 6, Dkt. No. 136), the State filed no response to the motion, and Markel opposes the motion (Dkt. No. 139).

An applicant seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2)[2] has the burden to show that four requirements are met:

> (1) the intervention application is timely;
> (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action;
> (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and
> (4) the existing parties may not adequately represent the applicant's interest.

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citation modified). These requirements "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Further, the Court is "guided primarily by practical considerations, not technical distinctions" in assessing whether an applicant has met its burden. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986)). Permissive intervention under Rule 24(b) may be granted where the applicant demonstrates "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) a common question of law or fact exists between the applicants' claim or defense and the main action." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297,

[2] Federal Rule of Civil Procedure 24(a)(1) concerns unconditional statutory right of intervention. Claimants disclaim a statutory right to intervene. *See* Dkt. No.

1308 (9th Cir. 1997) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)).

Here, Claimants have not established that they have a significant protectable interest relating to the property or transaction that is the subject of this action. They have no direct interest in the insurance policies at issue; they have an economic interest in obtaining a judgment against Secret Harbor, but the fact that their ability to collect on any future judgment may depend on whether coverage exists under the Markel policies does not "give rise to a right of intervention." *Philadelphia Indem. Ins. Co. v. Bus. Comput. Training Inst., Inc.*, No. C05-5706 RBL, 2006 WL 2883010, at *2 (W.D. Wash. Oct. 10, 2006) (finding that "pure economic expectancy is not a legally protected interest for purposes of intervention" (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003)).[3] Because Claimants cannot satisfy this requirement for intervention as of right, the Court need not address the other requirements to find that intervention under Rule 24(a)(2) is not appropriate.

Permissive intervention is likewise inappropriate. There is no common question of law or fact between Claimants' personal injury suit against Secret Harbor and Markel's declaratory judgment action against Secret Harbor. *See, e.g.*, *Or. Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10-579RJB, 2010 WL 11688489, at *3–4 (W.D. Wash. May 4, 2010) (finding no common questions of law or fact where the underlying action involves breach of contract and construction defect claims, and the declaratory judgment action involves a determination of whether an insurer must defend and cover any losses suffered as a result of the underlying action). This action requires

---

[3] The *Philadelphia Indemnity* court found no protectable interest even where the proposed intervenors had obtained a writ of attachment against the defendant's assets, and thus had an interest in maximizing available insurance. 2006 WL 2883010, at *1–2. Here, Claimants do not have a writ of attachment, assignment, or judgment against Secret Harbor.

interpreting insurance policies to determine the extent of coverage available under the Markel policies, yet there are no such issues in Claimants' underlying action.

Claimants' reply brief does not rebut Markel's arguments regarding the requirements of Rule 24(a) or (b), nor does it address Markel's concern that permitting intervention would pose material practical problems, but focuses on their speculation that an order of default will be entered against Secret Harbor in their personal injury action. Dkt. No. 140 at 2. This has not occurred. *See* Order & Notices of Appearance, *O.H. v. Secret Harbor*, Case No. 2:23-cv-0060-JNW (W.D. Wash. 2026), Dkt. Nos. 268, 271, 272, 273. And in this action, the Receiver and the State have demonstrated the ability to competently advocate for their interests. *See, e.g.*, Dkt. Nos. 130, 135. Claimants have therefore failed to persuade the Court that without their intervention, the issues presented in this declaratory judgment action will not be adequately litigated.

For these reasons, the Court exercises its discretion to DENY Claimants' motion to intervene. Dkt. No. 134.

Dated this 15th day of October, 2026.

Kymberly K. Evanson
United States District Judge